RECEIVED
JUN 14 2023
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| **EDWARD LEE WILLIAMS** | * | <u>CRIMINAL CASE No. 15143</u> |
| Plaintiff, | * | |
| Vs | * | COMPLAINT 1983 |
| Governor of Iowa, Kim Reynolds in her | | Violations of Plaintiff's |
| Individual and professional capacity, | | Civil Rights |
| Attorney General of Iowa, Brenna Bird | | by Iowa State Officials |
| In her individual and professional capacity, | | |
| Department of Correction of Iowa, The Director | | |
| In their individual and professional capacity | | [Plaintiff request a jury trial] |
| Iowa Parole Board, Chairperson in their | | |
| Individual and professional capacity | | |
| Defendants. | | |

This complaint is brought pursuant to 42 U.S.C. 1983 and jurisdiction is based on 28 U.S.C. 1343. Plaintiff allege(s) the defendants acted under color of State law with regard to the facts stated in this complaint.

This complaint comes before this Court under strange and unusual circumstances. The Plaintiff begs the Courts indulgence for the Plaintiff is not an Attorney at Law nor a learned man concerning the legal process of a 1983 complaint proceedings. There is no prison grievance procedure in this Institution

(1)

in which to resolve the problem of the plaintiff's civil rights being violated by the defendants named in this complaint. No one has assisted the plaintiff in preparing this complaint. Under Federal rule of Civil Procedure, Plaintiff certifies to the best of Plaintiff's knowledge, information and belief that this complaint is not being presented for an improper purpose. This complaint is supported by existing law and a no frivolous argument. The factual contentions have evidentiary support and identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

### PLAINTIFF'S HISTORICAL BACKGROUND

Plaintiff was adjudged guilty of 1st Degree Murder, in a trial by jury, in the year 1969. Plaintiff was sentence, in District Court Scott County, under Penal Code 690, with Punishment Statute 247.5 annexed to it. Penal Code 690 is a very old existing law that has been DE codified over the years and has never been repealed or disturbed. Penal Code 690 and Punishment Statute 247.5 are still protected by the full coverage of Iowa and Federal Constitutional laws.

In the year 1995, the newly enactment of Punishment Statute 902.2 (see attached exhibit of Senate file 398) was established. Punishment Statute 247.5 contained

lawful obligations for the Iowa Parole Board, and the defendants to comply with. *These lawful obligations where spelled out and mandated with the protected wording of "shall". The Iowa Parole Board was following those mandates within Punishment Statute 247.5 from 1984 up to the year 1995.*

### SENATE FILE 398:

*Senate file 398 became a newly enacted Punishment Statute (902.2)* (see attached exhibit) *for anyone convicted of 1st Degree Murder in and after 1995. Plaintiff was convicted in the year 1969.*

*Senate file 398, "shows no discussion or intent of the Iowa Legislators who created 902.2 to grandfather in, Punishment Statute 247.5. It does not show that Punishment Statute 247.5 was [repealed] or [disturbed] in any fashion.*

Plaintiff, states, the Defendants nor the Iowa Parole Board have the legal authority to remove Plaintiff's lawful Punishment Statute 247.5 at their discretion and place Plaintiff under Punishment Statute 902.2. *"the defendants nor the Iowa Parole Board have been able to produce any legal process which gives them the authority to change the Plaintiff and the 200 other Lifers ['under Punishment Statute 247.5], punishment. The Iowa Parole Board had been lawfully complying from the years 1984 through to 1995".*

(3)

## DUE PROCESS VIOLATION:

A Punishment Statute is a binding contract between the State of Iowa and the Plaintiff [who was convicted of a State offense and sentence to confinement] which comes under the rule of law(s) for contracts. Under Punishment Statute 247.5, a "State created liberty interest" for the Plaintiff was established after having served 15 years, was a part of that contract. Punishment Statute 247.5 contained mandated obligations to be perform by both State and Plaintiff.

*<u>Punishment Statute 247.5 established a vehicle in which to protect the Plaintiff's "State created liberty interest" and protected it, by the use of the wording of "shall" in their instructions, to the Iowa Parole Board.</u>*

*<u>By stopping Plaintiff's Lawful Punishment Statute 247.5, the defendants have created a Due Process Violation".</u>*     (Emphasis added)

1. The Plaintiff had a *<u>"State created liberty interest in Punishment Statute 247.5 which has been [taken away] from the Plaintiff by the Iowa Parole Board</u>* <u>and defendants have refused to correct the injustice</u>.
2. The Plaintiff had *<u>"yearly personal interviews" by the Iowa Parole Board which has been [ taken away] from the Plaintiff by the Iowa Parole Board</u>* and <u>the defendants have refused to correct the injustice</u>.
3. The Plaintiff had <u>yearly opportunities to be reviewed by the Iowa Governor [which has been taken away] from the Plaintiff by the Iowa Parole Board and the defendants have refused to correct the injustice.</u>

Plaintiff ask the Court "by what authority releases the Iowa Parole Board and the defendants of their mandated obligations under Punishment Statute 247.5 which

(4)

was protected by the wording of "shall" and a binding/legal contract between the State of Iowa and the Plaintiff whose Punishment Statute 247.5 has not been repealed?

The Plaintiff has identified his protected "State created liberty interest" and the law is clear. ***A state created liberty interest was created for the Plaintiff after 15 years had been served. Punishment Statute 247.5 the Plaintiff's lawful Punishment Statute uses mandatory language and imposes substantive limits on the discretion of the Iowa Parole Board Officials and the defendants plus the Iowa Governor's discretion is outlined under 247.8***

### PUNISHMENT STATUTE 247.5:

Punishment Statute 247.5, provide benchmarks by which this reviewing Court might conduct an analysis of the likelihood that Punishment Statute 902.2 changes in the law will create a significant risk of increased **[burden]** upon the Plaintiff by the removal of Plaintiff's lawful Punishment Statute 247.5 which contain mandatory and binding protection for the Plaintiff.     (Emphasis added)

### THE CASE OF SNODGRASS:

The defendants and their attorneys will attempt to run to the case of Snodgrass to claim that Snodgrass is controlling over the claims of the Plaintiff. The ***Federal***

(5)

*Appeals Court for the Eighth Circuit* recognized in the case of Snodgrass there exist a liberty interest for a person serving a Life sentence and commented in their decision that Snodgrass argued her case wrong. (I quote in part*) the United States Court of Appeals for the Eighth Circuit No. 07-1463 (page 7 last paragraph - last two lines.)* The Court stated *"Such an argument confuses the liberty interest to be protected with the procedure provided for its protection"*

The Attorneys for the defendants cannot claim the case of Snodgrass is controlling over Plaintiff's claims. The Plaintiff had a State created liberty interest in need of being protected was outlined clearly.

Snodgrass failed to:

1. **Snodgrass did not mention that 902.2 was a Punishment Statute in her argument presented before the Court.** Snodgrass allowed the State to put 902.2 on her because of her failure to make it known in her argument.
2. **Snodgrass did not identify her liberty interest correctly instead as the Federal Court of appeals commented in their decision (Snodgrass, confused it).**
3. **Snodgrass claimed that if she saw the Iowa Parole Board that she would have gotten a Parole.** Plaintiff clearly understands such a claim is mistaken for it's at the discretion of the Iowa Parole Board as to whether she or plaintiff would receive a Parole.

### PLAINTIFF'S CLAIMS:

1. Plaintiff makes no claim against the discretion of the Iowa Parole Board concerning the granting of Parole(s). **Statute 247.5 compelled the Iowa**

    **Parole Board** *(shall) come and interview the Plaintiff personally every year for which they stopped complying with in 1995*.
2. **Plaintiff makes no claim that Punishment Statute 902.2 will lengthen the Plaintiff's sentence.** which makes no sense to any reasonable thinking person? How do you lengthen a life sentence?
3. **Plaintiff claims that Punishment Statute 902.2 *unjustly burdens the Plaintiff for it's an unlawful Punishment Statute 902.2 placed upon the Plaintiff outside the scope of the Judiciary or any law created lawfully by the Legislators.*** (Emphasis added)

The Plaintiff's claims are clear and protected under both the laws of the State of Iowa and the Federal Constitution. The Iowa Parole Board nor the defendants have been given the authority through any legal process to change the lawful Punishment Statute 247.5 and place Punishment Statute 902.2 upon the Plaintiff. The Plaintiff had a clearly established State created liberty interest within Punishment Statute 247.5 with mandated obligations protected by the wording of shall in which the Iowa Parole Board and the defendants were to comply with. **Plaintiff has not confused his liberty interest to be protected with the procedure provided for its protection as did Snodgrass in her argument before the courts.**

*Punishment Statute 247.5 was a [burden to the Iowa Parole Board] to come and interview Plaintiff, yearly... 247.5 became a [burden upon the Iowa Parole Board] because they had to find time to travel to meet with the Plaintiff who was convicted under Punishment Statute 247.5 yearly.*

(7)

Placing Punishment Statute 902.2 upon the Plaintiff removes **that burden** upon the Iowa Parole Board and creates a *"Due Process Violation"*.

The **Burden** is now placed upon the Plaintiff to contact the Iowa Parole Board then wait until the Iowa Parole Board gave the Plaintiff an interview date which is no longer yearly. The Plaintiff now loses his yearly reviews which is a *"Due Process Violation"*.

In a ten-year period under Punishment Statute 247.5 Plaintiff would have received 10 yearly interviews with the Iowa Parole Board and received 10 opportunities to be review by the Governor, which **was mandated by Iowa Law upon the Iowa Parole Board.**

In a ten-year period under Punishment Statute 902.2 the Plaintiff receives only one interview in a ten-year period and loses 9 opportunities made available under 247.5 to see the Iowa Parole Board and be reviewed by the Governor. **What law gave the Iowa Parole Board and the defendants the authority to stop the Plaintiff's mandated reviews...Punishment Statute 902.2 didn't? This becomes a "Due Process Violation"!**

Removing Punishment Statute 247.5, Punishment Statute 902.2 is akin to a "Death Sentence" for the **Plaintiff. The defendants need to explain to the Jury**

(8)

<u>and [the people of Iowa] why so many African-American Lifers (7) convicted under 247.5 have died in Iowa's prison when Iowa does not have a Death Sentence? Placing 902.2 on the Plaintiff, and the other 200 or more Iowa Lifers sentenced under 247.5 we lose all the years, served before the existence of 902.2.</u>    (Emphasis added)

### EX POST FACTO VIOLATION:

Placing Punishment Statute 902.2 upon the Plaintiff and the other 200 lifers is an **Ex Post Facto violation. The Iowa Parole Board placed 902.2 upon the Plaintiff and [the other 200 lifers whose Punishment came under 247.5] outside of the scope of the Judiciary.** The defendants and the Iowa Parole Board should read the "Federalist papers" (required reading in most major law schools) for the founding fathers dealt with the situation.

The Federal Constitution has provision for Ex Post Facto and the protection against it upon the citizens of the United States of America. The State of Iowa placed an even stronger wording upon the subject of Ex Post Facto occurring in the State of Iowa by placing the word **"ever"** happening in its State Constitution. The Court will have to determine if this is Ex Post Facto, replacing the lawful Punishment Statute 247.5 with the 1995 enacted Punishment Statute 902.2...The

(9)

Founding Fathers said "you cannot increase a person's punishment once imprison, you can lessen it not increase it".

Plaintiff asked the Courts in Jasper County and in Polk County, for the State to produce the legal process that gives the Iowa Parole Board the power to take Plaintiff's eligibility under 247.5 (1969)? Plaintiff states, that **in Jasper County Court (No. CVCV116307), Assistant State's Attorney William Hill stated to the Court, (I quote) "Punishment Statute 247.5 was repealed in 1978" (unquote).** If Punishment Statute 247.5 had truly been repealed as Assistant State's Attorney William Hill testified, then why did the *Iowa Parole Board begin Plaintiff's initial personal review mandated under 247.5 in the year 1984*? *If Punishment Statute 247.5 was repealed...what would have been, the Plaintiff and all 200 other lifers under 247.5 new Punishment Statute? Punishment Statute 902.2 1995 had not come into existence in 1978. From 1978 until 1995 Plaintiff and 200 other lifers were held in confinement within the Department of Corrections without a lawful Punishment Statute*. The founding Father stated in the "Federalist papers" such a confinement without a punishment is an unlawful condition call a *Bill of Attainder!* Plaintiff respectfully reminds the Court and the defendants that Assistant States' Attorney William Hill stated to the Court in Jasper County Court No. CVCV116307 Punishment Statute 247.5 had been *repealed in 1978!*

(10)

## CONCLUSION:

What is the Truth? The Plaintiff craves upon the Court for the Truth... **[Truth being]** Punishment Statute 247.5 has not been repealed. Had 247.5 been repealed in 1978, Plaintiff along with some 200 other lifers should have been released, our Punishment was repealed. The Attorney General's Office should have been aware of such a repeal. To confine a person without a punishment is a *<u>Bill of Attainder Is it not!</u>*

**[Truth being]** The Plaintiff has been confined in the Iowa State Prison along with some 200 other lifers with a punishment outside the scope of the Judiciary or any law created by the Iowa Legislators that involve Punishment Statute 247.5.

*<u>This case is sensitive because it not only involves the Constitutional rights of the Plaintiff but the rights of some 200 or more Iowa inmates serving life sentences [who are still unaware] that their punishment 247.5 was repealed in 1978 and that the Iowa Parole Board and the defendants have no legal jurisdiction to impose the new Punishment Statute 902.2 upon lifers convicted before 1995.</u>*

There exist clear evidence of material facts of Constitutional wrong doing, by the Iowa Parole Board and the defendants against the Plaintiff and 200 other Iowa lifers convicted under Punishment Statute 247.5 through the denial of our

(11)

Constitutional Rights both State and Federal causing a **Bill of Attainder to exist**. (Emphasis added)

The founding Fathers who wrote and established the bases for which laws are constructed and enforced throughout the United States of America stated clearly...**_In the "Anti-Federalist papers" and the" Federalist papers" the following in which (I quote in parts) "...everyone restrained of his liberty is entitled to a remedy...by recourse of the laws" ... they also stated "everyone restrained of his liberty is entitled to a remedy...and that such remedy ought not be denied or delayed"._** *The remedy for this complaint, "the State should release the Plaintiff in the interest of justice", if Plaintiff's Punishment was repealed in 1978. The Plaintiff has been confined 56 years and 29 of those years without a lawful Punishment Statute, it's not stated anywhere in the Senate File 398 that the 1995 enactment of the Iowa Legislature intended to go back and abolish 247.5 and include the Plaintiff under 902.2.* **_The Plaintiff is entitled to a remedy_**!

**WHERFORE** the defendants nor the Iowa Parole Board have any jurisdiction to impose a new Punishment Statute 902.2 upon the Plaintiff. _The Plaintiff request the Court **for a trial by jury** to obtain a lawful remedy for this injustice before the citizens of Iowa. Iowa does not have a "Death Sentence" then why have African-_

(12)

*American Lifers died while in the Department of Iowa Corrections? Punishment Statute 902.2 has been placed upon the Plaintiff and the other African-American Lifers who were convicted before the existence of Punishment Statute 902.2*

**Plaintiff requested a jury trial...in order to defend against the violation of his Civil Rights by the defendants and the Iowa Parole Board.** Plaintiff has attempted over the years to contact the Department of Corrections and the Governor of Iowa Kim Reynolds to discuss the racial problems facing young African-Americans in the Iowa Correctional system. Plaintiff has never been contacted by Governor Reynolds. A copy of the information sent to Governor of Iowa, Kim Reynolds can be obtained by request from the Plaintiff.

*The defendants "stand four squares in the spirit of Washington and Lincoln as does the Plaintiff and we're under oath to reveal the truth. This is the moment of truth. Plaintiff demands to be heard in the Spirit of Washington and Lincoln.*

Respectfully Submitted

I AM 3rd
*Edward Lee Williams*

**Edward Lee Williams/Plaintiff**

**Newton Correctional Facility**

**Newton, Iowa 50208**

(13)

# Senate File 398

EXHIBIT

## Bill Text

```
PAG LIN
  1   1       Section 1.  Section 902.2, Code 1995, is amended by
  1   2  striking the section and inserting in lieu thereof the
  1   3  following:
  1   4       902.2  COMMUTATION PROCEDURE FOR CLASS "A" FELONS.
  1   5       A person who has been sentenced to life imprisonment under
  1   6  section 902.1, may, no more frequently than once every ten
  1   7  years, make an application to the governor requesting that the
  1   8  person's sentence be commuted to a term of years.  The
  1   9  director of the Iowa department of corrections may make a
  1  10  request to the governor that a person's sentence be commuted
  1  11  to a term of years at any time.  Upon receipt of a request for
  1  12  commutation, the governor shall send a copy of the request to
  1  13  the Iowa board of parole for investigation and recommendations
  1  14  as to whether the person should be considered for commutation.
  1  15  The board shall conduct an interview of the class "A" felon
  1  16  and shall make a report of its findings and recommendations to
  1  17  the governor.
  1  18       Sec. 2.  Section 914.2, Code 1995, is amended to read as
  1  19  follows:
  1  20       914.2  RIGHT OF APPLICATION.
  1  21       A Except as otherwise provided in section 902.2, a person
  1  22  convicted of a criminal offense has the right to make
  1  23  application to the board of parole for recommendation or to
  1  24  the governor for a reprieve, pardon, commutation of sentence,

  1  25  remission of fines or forfeitures, or restoration of rights of
  1  26  citizenship at any time following the conviction.
  1  27       Sec. 3.  Section 914.3, subsection 1, Code 1995, is amended
  1  28  to read as follows:
  1  29       1.  The Except as otherwise provided in section 902.2, the
  1  30  board of parole shall periodically review all applications by
  1  31  persons convicted of criminal offenses and shall recommend to
  1  32  the governor the reprieve, pardon, commutation of sentence,
  1  33  remission of fines or forfeitures, or restoration of the
  1  34  rights of citizenship for persons who have by their conduct
  1  35  given satisfactory evidence that they will become or continue
  2   1  to be law-abiding citizens.
  2   2  SF 398
  2   3  lh/cc/26
```

EDWARD LEE WILLIAMS
0103312
P.O. BOX 218
NEWTON, IOWA 50208-0218



To:  CLERK OF U.S. DISTRICT COURT
U.S. COURTHOUSE
123 WALNUT
DES MOINES, IOWA 50306

Legal Mail
6-12-23

Legal Mail
6-23